IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MARTHA MCCORKLE,<br><br>Plaintiff,<br><br>v.<br><br>MAD MARKETING LLC &<br>MADISON HOLLIMON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff MIA MCCORKLE fields this Complaint against the Defendants MAD MARKETING LLC and MADISON HOLLIMON as follows:

**JURISDICITON & VENUE**

1. This court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) which is part of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et. seq.

2. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

3. Venue is proper in the Southern District of Georgia, Augusta Division, pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims herein occurred in this judicial district and division and because this is the judicial district and division where Defendants reside and do business.

4. Plaintiff resides in this division and district and, at all relevant times, was employed by Defendants and worked at their marketing business, known as Mad Marketing House, located at 205 Addison Square Ste 4, Evans, Georgia 30809.

5. Defendant Mad Marketing LLC is a Georgia limited liability company with its principal place of business located in Columbia County, which is in this district and division.

6. Defendant Madison Hollimon (Hollimon") is an individual who, upon information and belief, resides in this district and division. During the relevant period, Hollimon was an owner and/or managing member of Mad Marketing LLC.

7. At all material times, Hollimon had control and direction over workplace conditions, operations, personnel, and compensation at Mad Marketing LLC where Plaintiff worked. Hollimon knew or should have known of Defendants' violations under the FLSA as alleged herein.

8. At all relevant times Defendants have been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of Section 206(a) and 207(a) of the FLSA.

9. For the period August 7, 2025 through December 31, 2025, Defendants employed Plaintiff as an intern and promised to pay her $12.00 per hour during her employment.

10. From January 1, 2026 through the end of Plaintiff's employment on March 2, 2026, Defendants employed Plaintiff as a Creative Specialist and promised to pay her $20.00 per hour and later increased that hourly rate of pay to $22.00 per hour.

11. At all relevant time periods during Defendants' employment of Plaintiff from August 7, 2025 through and including March 2, 2026, Plaintiff was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Defendants willfully failed to pay and failed to timely pay Plaintiff the wages she was owed for work performed during her employment.

13. Defendants issued two checks to Plaintiff for wages earned, one for $960.00 on January 30, 2026 and the other for $980.00 on February 13, 2026. Both checks bounced, that is, payment on the checks was refused because there were insufficient funds in Defendants' accounts to pay the checks.

14. Defendants owed Plaintiff a final paycheck in the amount of $826.54 for wages earned, but Defendants have willfully failed to pay and failed to timely pay such wages as required by law.

15. Plaintiff has repeatedly requested Defendants to pay her the wages owed, but Defendants have failed and refused to pay.

**COUNT I – VIOLATION OF FAIR LABOR STANDARD S ACT**

16. At all relevant times, Defendants have been and were "employers" engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a)

17. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

18. At all times during the relevant period, Defendants were joint employers of Plaintiff.

19. Defendants willfully failed to pay and failed to timely pay Plaintiff and performed during the period of January 16, 2026 through March 2, 2026 in violation of the FLSA.

20. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

21. Plaintiff suffered damages due to Defendants' conduct in violation of the FLSA.

22. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants all unpaid wages plus an additional amount – equal to the unpaid wages and untimely paid wages – as liquidated damages.

23. Pursuant to § 216(b) of the FLSA, Plaintiff is also entitled to recover reasonable attorneys' fees and all costs and disbursements of this action due to Defendants' violations of the FLSA.

**COUNT II – STATE LAW BREACH OF CONTRACT**

24. Defendants hired Plaintiff as an employee to work and perform services for and under the direction and control of Defendants' marketing business.

25. The agreement between the parties constituted an enforceable contract under Georgia law.

26. Defendants breached the contract by failing to pay and failing to timely pay Plaintiff for services performed under the parties' contract. \

27. Plaintiff suffered damages due to Defendants' breach of contract and is entitled to recover form Defendant all damages incurred by virtue of the breach of contract.

28. Defendants have acted in bad faith by refusing to pay Plaintiff the wages owed to her and have further been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense by forcing her to bring this action to recover the amounts owed to her.

29. Pursuant to O.C.G.A. § 13-6-11 and by virtue of the misconduct described in the preceding paragraph, Plaintiff is entitled to recover from Defendants all reasonable attorney fees and litigation expenses incurred by her in bringing this action.

WHEREFORE, Plaintiff prays that this Court award the following relief:

(1) Judgment under Count I in Plaintiff's favor and against Defendants, jointly and severally, in the principal sum of $2,766.54, plus liquidated damages in the same amount, for a monetary award of $5,533.08;

(2) Judgment under Count I in Plaintiff's favor and against Defendants, jointly and severally, for Plaintiff's reasonable attorneys' fees, litigation expenses and costs in prosecution of Count I;

(3) Alternatively, judgment under Count II for compensatory damages resulting from Defendants' breach of contract, plus reasonable attorney's fees and litigation expenses under O.C.G.A. § 13-6-11, for the reasons alleged hereinabove;

(4) All material issues of fact be tried by a jury; and

(5) Such other and further relief as the Court deems just and proper.

This 19th day of May, 2026.

/s/ Scott W. Kelly
SCOTT W. KELLY
Georgia Bar No. 413115
*Attorney for Plaintiff*

OF COUNSEL:
FULCHER HAGLER LLP
P.O. Box 1477
Augusta, Georgia 30903-1477
Phone: (706) 724-0171
skelly@fulcherlaw.com